Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

November 9, 2007

BY FAX
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 1960
New York, NY 10007

> Docket in these

Re: *Manders, et al. v. City of New York, et al.,* 07 Civ. 7752 (RJS) (JCF);
*Jusick, et al. v. City of New York, et al.,* 07 Civ. 7683 (RJS) (JCF);
*Rigby v. City of New York, et al.,* 07 Civ. 7751 (RJS) (JCF);

*Coburn, et al. v. City of New York, et al.,* 05 Civ. 7623 (RJS) (JCF);
*Phillips, et al. v. City of New York, et al.* 05 Civ. 7624 (RJS) (JCF);
*Sloan, et al. v. City of New York, et al.,* 05 Civ. 7668 (RJS) (JCF);
*Galitzer v. City of New York, et al.,* 05 Civ. 7669 (RJS) (JCF);
*Bastidas, et al. v. City of New York, et al.,* 05 Civ. 7670 (RJS) (JCF);
*Xu, et al. v. City of New York, et al.,* 05 Civ. 7672 (RJS) (JCF);
*Sikelianos v. City of New York, et al.,* 05 Civ. 7673 (RJS) (JCF);
*Drescher v. City of New York, et al.,* 05 Civ. 7541 (RJS) (JCF)

Dear Judge Francis:

I write in response to the November 6, 2007 letter of Raju Sundaran, counsel for defendants, seeking an enlargement of 60 days to answer the Complaint that has been served upon the City of New York in the Manders, Jusick, and Rigby cases, which are new RNC cases that have been consolidated before Your Honor and Judge Sullivan. I also write to respectfully request an additional 60 days to effect service upon the individual defendants in these three actions, and to address a disturbing problem concerning the parties' settlement negotiations across all of the RNC actions for which I am counsel.

**Concerning Defendants' Request for an Extension of Time to Answer, and Plaintiffs' Request for an Extension of Time to Serve the Individual Defendants**

Counsel for defendants states that I "refused to consent" to defendants' request, but that is not quite accurate. To state the matter accurately, I informed Mr. Sundaran that I had no objection to his requested enlargement, but that I requested from him an additional 60 days to serve the numerous individual defendants in these new actions, all of whom will undoubtedly be represented by the Law Department (and many of whom have already been represented by the

Law Department which to depositions in these RNC cases). He has refused to accede to my reasonable request. I therefore declined to accede to his request.

The primary reason for my request was to enable the parties to engage in early settlement negotiations with regard to these new cases, before it is necessary to kill many trees, and spend a fair amount of time and money to serve all of these people. Added expense and attorney hours impedes settlement prospects, and it would behoove the parties to have settlement discussions early and prior to service of all of these individual defendants. For the foregoing reasons, I respectfully request an additional 60 days to effect service upon the individual defendants in these three new RNC actions, whether or not the Court deems it appropriate to grant defendants' application for an enlargement of time for the City of New York to answer the complaint.

Defendants' reasons for requiring an extension to answer are not valid. All of the New York State CPL § 160.50 releases for the new plaintiffs have already been provided to defendants. Further, I cannot imagine that there are any documents to be garnered by way of these releases that are relevant to The City's answer that are not already part of the global RNC arrest documents production by the City that Your Honor ordered made some time ago. As to the argument made by Mr. Sundaran in his last paragraph, I am afraid I simply do not understand it - the City will have to file an answer with regard to the allegations in these 3 new complaints regardless of the disposition of plaintiffs' motions to amend in the other RNC cases.

Mr. Sundaran and I have a phone appointment at 2 p.m. on Monday to create proposed Case Management Orders which we hope to submit to the Court sometime next week.

## Concerning A Disturbing Problem With Regard To The Parties' Settlement Negotiations

Lastly, I wish to address an issue that is intertwined with the above issue of settlement negotiations between the parties. In the eight other RNC actions referenced above (Coburn, Phillips, Sloan, Galitzer, Bastidas, Xu, Sikelianos, and Drescher) the Case Management Orders required the parties by October 15, 2007 to meet for at least one hour to discuss settlement, and stated that the parties requested a settlement conference with Your Honor. Though I have had a number of settlement conversations with Special Assistant Corporation Counsel James Mirro by telephone about these cases, we have not yet sat down in person in that regard.

The City's approach to settlement negotiations thus far has been very troubling, however. In July, 2007, I reached settlement terms that were effectively agreed upon (which Mr. Mirro now denies) with Mr. Mirro for all of the plaintiffs in the Phillips and Coburn actions. Disturbingly, however, Mr. Mirro then insisted that every single one of the plaintiffs I represent across all eight of these RNC actions agree to these identical terms that we had effectively worked out for the Phillips and Coburn actions, notwithstanding that all but one of the plaintiffs in the other actions were in custody twice as long[1] and that some have highly idiosyncratic situations and damages. When I informed Mr. Mirro that I was neither able to, nor in any way inclined to, accept this unethical and improper "all or none" condition, Mr. Mirro rescinded what had been effectively agreed upon with regard to the Phillips and Coburn cases. The "all or none" condition serves only as a total impediment to settlement of any of the plaintiffs' cases: either

---

[1] The Phillips and Coburn actions stem from arrests made on August 29, 2004, arrestees from which were typically in jail for approximately one day. All the remaining actions, except for Mr. Drescher who was also arrested on August 29th, stem from arrests made on August 31, 2004, arrestees from which were typically in jail for approximately two days.

within any one action, or even of settlement of any of the actions in their entirety (as we were on the cusp of doing in Phillips and Coburn). Since the time of Mr. Mirro's rescission, all of the RNC plaintiffs represented by myself and my co-counsel have been deposed, and the generous terms on which the Phillips and Coburn plaintiffs were then willing to settle have now been rendered impossible. If the City insists on "all or none" with regard to settlement of these RNC cases, the result will surely and ineluctably be none.

The parties will likely be meeting shortly (albeit belatedly) as required by the Case Management Orders to further discuss settlement of both the new and older RNC cases represented by myself and my co-counsel. Should the City continue to insist upon this highly problematic "all or none" condition, or we otherwise reach an impasse (which is likely in any event, given all that has transpired), I think it would be helpful to the parties to sit down informally with Your Honor at a settlement conference as has been requested in the Case Management Orders.

I thank the Court for its patience and consideration in this matter.

Sincerely yours,

Jeffrey A. Rothman
[JR-0398]

cc: Raju Sundaran, Esq. (by email)
James Mirro, Esq. (by email)
All RNC Counsel (by email)

11/27/07

Time to serve is extended to January 7, 2008.

SO ORDERED.

James C. Francis IV
USMJ

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 11/27/07