**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

THEO RIGBY,

Plaintiff,

-versus-

**07 CIV 7751 (RJS)(JCF)**

THE CITY OF NEW YORK, *et al.*,

**ECF CASE**

Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Defendants THE CITY OF NEW YORK, MICHAEL BLOOMBERG, RAYMOND KELLY, STEPHEN HAMMERMAN, THOMAS DOEPFNER, DANIEL ALBANO, KERRY SWEET, RUBY MARIN-JORDAN, JOSEPH ESPOSITO, BRUCE SMOLKA, JOHN J. COLGAN, DAVID COHEN, THOMAS GALATI, JACK MCMANUS, NICHOLAS GRAVINO, HUDSON RIVER PARK TRUST, GERALD DIECKMANN, MARK KEEGAN, JAMES ESSIG, THOMAS GRAHAM, PATRICK CORTRIGHT, TERENCE MONAHAN and LORENZO JOHNSON ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

AS TO THE "PRELIMINARY STATEMENT"

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff seeks relief.

AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

AS TO "JURY TRIAL DEMANDED"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff demands a trial by jury as stated therein.

AS TO "VENUE"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff alleges that venue is proper as stated therein.

AS TO "PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that it maintains its police department consistent with all applicable laws.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that MICHAEL BLOOMBERG is the Mayor of the City of New York.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that RAYMOND KELLY is the Police Commissioner of the City of New York.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that STEPHEN HAMMERMAN is a former Deputy Commissioner for Legal Matters for the New York City Police Department (the "NYPD").

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that DAVID COHEN is the Deputy Commissioner of Intelligence for the NYPD.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint, except admit that THOMAS DOEPFER is the Assistant Deputy Commissioner for Legal Matters for the NYPD.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit that DANIEL ALBANO is a Lieutenant in the Legal Bureau for the NYPD.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that KERRY SWEET is a Deputy Inspector in the Legal Bureau for the NYPD

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint, except admit that RUBY MARIN-JORDAN is Senior Counsel in the Legal Bureau for the NYPD.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that JOSEPH ESPOSITO is the Chief of Department of the NYPD.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint, except admit that THOMAS GRAHAM is the Commanding Officer of the Disorder Control Unit of the NYPD.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint, except admit that JACK MCMANUS is a former Assistant Chief in the NYPD.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint, except admit that BRUCE SMOLKA is a former Assistant Chief in the NYPD.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admit that TERENCE MONAHAN is an Assistant Chief in the NYPD.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint, except admit that JOHN J. COLGAN is a Chief in the NYPD.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint, except admit that ESSIG, GALATI, DIECKMANN, JOHNSON, CORTRIGHT, KEEGAN and GRAVINO are or were employed by the NYPD.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint, except admit that BLOOMBERG is employed by the City of New York and defendants KELLY, HAMMERMAN, COHEN, DOEPFNER, ALBANO, SWEET, MARIN-JORDAN, ESPOSITO, GRAHAM, MCMANUS, SMOLKA, MONAHAN, COLGAN, ESSIG, GALATI, DIECKMANN, JOHNSON, CORTRIGHT and KEEGAN are or were employed by the NYPD.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that The City of New York entered into an agreement with Hudson River Park Trust regarding the use of Pier 57 during the RNC.

AS TO "STATEMENT OF FACTS"

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit plaintiff was arrested on August 31, 2004.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit individuals arrested were transported to Pier 57.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint, except admit that Pier 57 is located on the west side of Manhattan.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint, except admit that the City of New York entered into an agreement with Hudson River Park Trust regarding the use of Pier 57 during the RNC.

45. Defendants deny ~~the allegations set forth in paragraph "45" of the Complaint.~~

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph “48” of the Complaint.

49. Defendants deny the allegations set forth in paragraph “49” of the Complaint.

50. Defendants deny the allegations set forth in paragraph “50” of the Complaint.

51. Defendants deny the allegations set forth in paragraph “51” of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph “55” of the Complaint.

56. Defendants deny the allegations set forth in paragraph “56” of the Complaint.

57. Defendants deny the allegations set forth in paragraph “57” of the Complaint.

58. Defendants deny the allegations set forth in paragraph “58” of the Complaint.

59. Defendants deny the allegations set forth in paragraph “59” of the Complaint.

60. Defendants deny the allegations set forth in paragraph “60” of the Complaint.

61. Defendants deny the allegations set forth in paragraph “61” of the Complaint.

AS TO THE “FIRST CLAIM”

62. In response to the allegations set forth in paragraph “62” of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

AS TO THE "SECOND CLAIM"

65. In response to the allegations set forth in paragraph "65" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in paragraph "67" of the Complaint.

AS TO THE "THIRD CLAIM"

68. In response to the allegations set forth in paragraph "68" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

AS TO THE "FOURTH CLAIM"

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

88. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

89. There was probable cause for plaintiff's arrest, detention and prosecution.

**THIRD AFFIRMATIVE DEFENSE**

90. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of the Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

91. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

92. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

93. Punitive damages are not recoverable against Defendant The City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**SEVENTH AFFIRMATIVE DEFENSE**

94. Defendants have not violated any rights, privileges or immunities secured to the plaintiffs under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

**EIGHTH AFFIRMATIVE DEFENSE**

95. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of its discretion. Therefore, Defendants are entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE**

96. At all times relevant to the acts alleged in the Complaint, plaintiff was not engaged in any form of speech which is protected by the First Amendment.

**TENTH AFFIRMATIVE DEFENSE**

97. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

**ELEVENTH AFFIRMATIVE DEFENSE**

98. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

99. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

100. Process and service of process upon one or more of the Defendants were insufficient.

**FOURTEENTH AFFIRMATIVE DEFENSE**

101. The Court lacks personal jurisdiction over one or more of the Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

102. The Court lacks subject matter jurisdiction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

103. To the extent that one or more of the Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

104. Plaintiff failed to mitigate plaintiff's damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

105. Plaintiff consented to the acts about which plaintiff complains.

**NINETEENTH AFFIRMATIVE DEFENSE**

106. Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of risk.

**TWENTIETH AFFIRMATIVE DEFENSE**

107. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

108. Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: January 16, 2008
New York, New York

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By: ______________________
Raju Sundaran (RS 8011)
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-165
New York, New York 10007
Tel: 212-788-0467
Fax: 212-788-9776

**07 CIV 7751 (RJS)(JCF)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THEO RIGBY,

Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Raju Sundaran*
*Tel: (212) 788-0467*

*Due and timely service is hereby admitted.*

*New York, New York January 16, 2008*

*Raju Sundaran, Esq.*

*Attorney for Defendants*