

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RAJU SUNDARAN**<br>*Assistant Corporation Counsel*<br>Telephone: (212) 788-0467<br>Facsimile: (212) 788-9776<br>*rsundara@law.nyc.gov* |

August 7, 2008

**VIA HAND DELIVERY**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

      Re: **Rigby v. City of New York, et al., 07 CV 7751 (RJS) (JCF)**

Dear Judge Francis:

      Defendants respectfully request that the Court enter an order permitting defendants to conduct the deposition of non-party witness, Bob Perry, who plaintiff expects to rely upon at trial or in a dispositive motion. Your Honor previously endorsed defendants' application to take the depositions of certain non-party witnesses on consent of the parties. (See Endorsed Letter from Tonya Jenerette, dated July 11, 2008, docketed in all RNC cases under Schiller v. City of New York, 04-CV-7922). This application concerns the deposition of a non-party witness, Mr. Perry, where plaintiff has refused to consent to the deposition.

      Plaintiff first disclosed his intention to rely upon Mr. Perry in a letter dated April 4, 2008 (the "April 4th Letter"). See April 4th Letter attached as Exhibit A. In that letter, plaintiff reserved the right to call at a trial of this matter Mr. Perry, who has not been deposed. Defendants conferred with plaintiff's counsel in an effort to secure consent to proceed with the deposition of this non-party witness. However, plaintiff refused to consent on the grounds that defendants' request was untimely and that Mr. Perry was previously disclosed in various discovery documents or referenced in one of hundreds of volumes of deposition transcripts in other RNC cases.

      Taking the testimony of Mr. Perry is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. Mr. Perry may testify about the events leading up to the arrests at 16th Street and 17th Street on August 31, 2004. This is important testimony that is

relevant to claims and defenses in this action. Without it, defendants will be subject to ambush at trial or on summary judgment, a result which is highly prejudicial to defendants and does not serve justice. For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to take Mr. Perry's deposition.

### *Defendants Noticed These Depositions In A Timely Manner.*

The non-party witness defendants seek to depose was meaningfully identified for the first time in plaintiff's April 4th Letter. Plaintiff claims that defendants should have deposed Mr. Perry earlier when his name was disclosed in discovery materials such as deposition transcripts and interrogatory responses. This argument, however, is without merit as defendants did notice the depositions of these witnesses in a timely manner and while discovery was still ongoing.

As the Court is aware, plaintiff provided the April 4th Letter to defendants pursuant to a Court Order dated March 31, 2008. That Order, in turn, resulted from an application made by defendants on February 13, 2008 in which defendants indicated their intent to depose any non-party witnesses upon whom plaintiff intended to rely upon at trial or in support of his dispositive motion.[1] Discovery in this matter did not close until April 30, 2008. Therefore, plaintiff was on notice of defendants' intent to depose the non-party witness in question while discovery was still ongoing. Plaintiff cannot claim that defendants waited too long or were in any way dilatory in their efforts to identify and depose Mr. Perry, as defendants attempted to do so *while discovery was still ongoing.* Accordingly, defendants should be permitted to depose Mr. Perry who was identified in plaintiff's April 4th Letter.

### *Defendants Will Be Severely Prejudiced If Their Application Is Denied.*

Plaintiff will not suffer any prejudice if the Court grants defendants' application because discovery in these RNC litigations is still proceeding on several tracks. For example, as a result of recent court orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Indeed, fact discovery in this case only closed recently pursuant to the Case Management Order. Defendants anticipate that Mr. Perry's deposition will be short in duration. For these reasons, the deposition requested here will not unduly prolong fact discovery, nor prejudice plaintiff in any material respect.

Any potential prejudice to plaintiff is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiff reserved his right to call Mr. Perry whose testimony is sought here at trial or to rely upon his testimony in support of a motion for summary judgment. Defendants need to know the content of Mr. Perry's testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice,

---

[1]   A copy of Defendants' February 13, 2008 Letter is attached at Exhibit B.

Hon. James C. Francis IV
August 7, 2008
Page 3 of 3

and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

### *Relief Requested.*

For the reasons set forth above defendants respectfully request that the Court issue an order permitting defendants to take the deposition of non-party witness Mr. Bob Perry. The deposition shall be completed within 60 days of Your Honor's order.

Respectfully submitted,

Raju Sundaran

cc:   Jeffrey Rothman, Esq. (via Email)

# EXHIBIT A

**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

April 4, 2008

By Email to:
RNC Defense Team
NYC Law Department
100 Church Street
New York, NY 10007

Re:  *Coburn, et al. v. City of New York, et al.*, 05 Civ. 7623 (RJS) (JCF);
*Phillips, et al. v. City of New York, et al.*, 05 Civ. 7624 (RJS) (JCF);
*Sloan, et al. v. City of New York, et al.*, 05 Civ. 7668 (RJS) (JCF);
*Galitzer v. City of New York, et al.*, 05 Civ. 7669 (RJS) (JCF);
*Bastidas, et al. v. City of New York, et al.*, 05 Civ. 7670 (RJS) (JCF);
*Xu, et al. v. City of New York, et al.*, 05 Civ. 7672 (RJS) (JCF);
*Sikelianos v. City of New York, et al.*, 05 Civ. 7673 (RJS) (JCF);
*Drescher v. City of New York, et al.*, 05 Civ. 7541 (RJS)(JCF);
*Manders, et al. v. City of New York, et al.*, 07 Civ. 7752 (RJS) (JCF);
*Jusick, et al. v. City of New York, et al.*, 07 Civ. 7683 (RJS) (JCF);
*Rigby v. City of New York, et al.*, 07 Civ. 7751 (RJS) (JCF);

Dear Counsel:

Per Judge Francis' Orders of March 19 and March 26, 2008, plaintiffs provide you with the following list of non-party fact witnesses who have not been deposed or scheduled for deposition who plaintiffs reasonably expect to testify at trial[1]:

Concerning events and plaintiffs arrested at or around 35th Street between 5th and 6th Avenues on 8/31/04

- Joanne Wypijewski
- Professor John S. Mayher
- Nicole Hoffman
- Joseph Krings
- Mark Weaver

---

[1] The listing of these witnesses by arrest location is for your convenience only, and should not be construed to limit the subject matter of any of the witnesses' testimony.

1

Concerning events and plaintiffs arrested at or around 16th Street between Union Square East and Irving Place on 8/31/04

- Barbara Cohen
- Hannah Rappleye
- David Karsnove

Concerning events and plaintiffs arrested at or around 17th Street and 5th Avenue on 8/31/04

- Jonathan Nieves (Mr. Nieves testified at a 50-h hearing)
- Nicole Bade
- Nate Bade

Concerning events and plaintiffs arrested at or around 46th Street and Broadway on 8/29/04

- Rose Johnson
- Ken Albers
- Joseph Kelly
- Kevin Dolak

Concerning events at or around the arrest of Nikolas Sikelianos on 27th Street between Park and Madison Avenues on 8/31/04

- Angel Chevrestt

Concerning events and plaintiffs arrested at or around 44th / 45th Street and 8th Avenue on 8/29/04

- Matthew Westfall
- Bob Perry (also concerning the arrests at 16th Street and 17th Street on 8/31/04)
- Eli, AKA Veronica Scheid
- Adrian Saldana
- Dominick Wetczel
- Abby Schkloven
- Deborah and Raymond Barron
- Matt Bray
- Haley Hemwall

Concerning events at or around the arrest of Gwynn Galitzer at the New York Public Library on 8/31/04

- Grace Kalambay
- Marc Steir

Miscellaneous

- Jay Bermudez: was the Transit Workers Union, Local 100 union chairperson for Pier 57.

In addition to those individuals listed above, plaintiffs may call at a trial of any of the above actions a few arrestees from each RNC mass arrest location. While plaintiffs would likely utilize only presently named plaintiffs who have been deposed for this, plaintiffs also reserve their right to call as witnesses in that regard those RNC plaintiffs who were arrested at these mass arrest locations who have settled their actions prior to being deposed and, if that should additionally unexpectedly prove insufficient, to call as a witness other RNC arrestees from these mass arrest locations who are members of the putative class action (all of whose names and arrest paperwork are, of course, in Defendants' possession).

Plaintiffs reserve the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiffs also reserve the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

Thank you for your consideration in this matter.

Sincerely yours,

Jeffrey Rothman

cc:     All RNC counsel (by e-mail distribution list)

3

# EXHIBIT B



| | THE CITY OF NEW YORK | Gerald S. Smith |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>gsmith@law.nyc.gov<br>Tel: (212) 513-7927<br>Fax: (212) 788-9776 |

February 13, 2008

### *BY FACSIMILE*

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

    Re:   *Consolidated RNC Cases*

Dear Judge Francis:

  Defendants write in advance of Friday's status conference and wish to raise one issue for discussion.

### Identification of Non-Party Witnesses

  During the course of discovery in these matters, Plaintiffs have identified hundreds of individuals as having knowledge of Plaintiffs' claims. These individuals were identified in Plaintiffs' responses to Defendants' Interrogatories as well as during deposition testimony and in documents produced by Plaintiffs. Defendants do not wish to depose all of these individuals, nor do they believe it would be an appropriate use of time and resources, as it is unlikely that all of these individuals will actually be called at trial. Defendants do, however, want to depose those persons Plaintiffs intend to call at trial or use in support of a motion for summary judgment.

  In an effort to narrow the number of depositions necessary, Defendants requested on January 22, 2008, that all Plaintiffs identify which of those individuals that were previously identified they intend to call as witnesses at trial or in support of a motion for summary judgment.

  The majority of Plaintiffs have not responded to Defendants' January 22nd request. Of those that have responded, many have stated that they did not think that they need to narrow the persons identified as requested, while others have stated that they reserved the right to call any and all of the hundreds of non-party witnesses identified thus far, and in some cases identified additional non-party witnesses not previously identified.

Defendants believe that their January 22nd request was appropriate based upon prior practice as ordered by this Court in the *Dinler and Schiller* cases. We intend to raise this issue with the Court on Friday to determine whether we need to make a formal application to the Court for relief.[1]

Respectfully submitted,

Gerald S. Smith

cc: RNC Counsel (by email distribution list)

---

[1] We note that Mr. Spiegel has requested an opportunity to meet and confer prior to Defendants making a motion.